**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **ASHLEY MCNEAL, for herself and all others similarly situated,** 3404 East 5th St., Dayton, OH 45403 | : : : : : | Case No.: 3:23-cv-13 |
| **Plaintiff**, | : : | JUDGE: |
| v. | : : : | MAGISTRATE JUDGE: |
| **SERENE HOME HEALTH SERVICES, LLC,** c/o Statutory Agent: Ivo Degoh 4613 Cutlass Dr. Englewood, OH 45322 | : : : : : : | **Jury Demand Endorsed Hereon** |
| **Defendant.** | : | |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Ashley McNeal ("Plaintiff"), on behalf of herself and all others similarly situated, and proffers this Collective Action Complaint for damages against Defendant Serene Home Health Services, LLC ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Ohio Prompt Pay Act ("R.C. § 4113").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the laws of the United States.

3. This Court has jurisdiction over Plaintiff's claims under Ohio law pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant is doing and has done substantial business in the Southern District of Ohio's Western Division at

Dayton; Plaintiff performed work in the Southern District of Ohio's Western Division at Dayton; and all or some of the events giving rise to Plaintiff's claims arose in the Southern District of Ohio's Western Division at Dayton.

## THE PARTIES

5.Plaintiff Ashley McNeal is an individual, a United States citizen, and a resident of Montgomery County, Ohio.

6.At all times relevant herein, Plaintiff was an "employee" of Defendant as defined by the FLSA and R.C. § 4111.

7.Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime wages under the FLSA, 29 U.S.C. § 216. The consent is being filed along with the Complaint (attached as Exhibit A).

8.Defendant Serene Home Health Services, LLC is a Limited Liability Company registered to do business in Ohio and conducting business in the Southern District of Ohio's Western Division at Dayton.

9.At all times relevant herein, Defendant was an "employer" as that term is defined by the FLSA and R.C. § 4111.

10.At all times relevant herein, Defendant was engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendant had an annual dollar volume of sales or business of at least $500,000 during each the three years preceding this Complaint.

**FACTUAL BACKGROUND**

11. Defendant operates a home healthcare agency in Dayton, Ohio. Defendant provides in-home direct care services to its clients located in Dayton, Ohio and surrounding areas.

12. Defendant employs Home Health Aides to provide in-home direct care services to its clients.

13. Upon information and belief, Defendants employ more than 15 Home Health Aides at any given time.

14. At all times relevant herein, Home Health Aides, including Plaintiff, were paid on an hourly basis.

15. At all times relevant herein, Home Health Aides, including Plaintiff, were not exempt from the minimum wage and overtime mandates of the FLSA.

16. At all times relevant herein, Home Health Aides, including Plaintiff, were not paid overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

17. Instead, Home Health Aides, including Plaintiff, were paid their regular hourly rate ("straight time") for all hours worked.

18. Plaintiff Ashley McNeal was employed by Defendant between approximately June 10, 2022 and December 30, 2022.

19. At all times relevant herein, Plaintiff worked as a Home Health Aide.

20. Between approximately June 10, 2022 and November 26, 2022, Plaintiff was paid on an hourly basis at the rate of $13.00 per hour.

21. On or about November 27, 2022, Plaintiff's hourly rate was increased to $13.50 per hour and remained at this rate throughout the remainder of her employment with Defendant.

22. At all times throughout her employment with Defendant, Plaintiff worked in excess of 40 hours per workweek. Plaintiff worked approximately 56 hours per week.

23. At all times throughout her employment with Defendant, Plaintiff was not paid overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 in a workweek.

24. Instead, Plaintiff was paid her regular, straight-time hourly rate for all hours worked.

25. Defendants have willfully refused to pay Home Health Aides, including Plaintiff, in accordance with the law.

## COUNT I
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

26. All of the preceding paragraphs are realleged as if fully rewritten herein.

27. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes the following:

> **All current and former Home Health Aides employed by Defendant who were paid on an hourly basis and worked more than 40 hours in any workweek between the three (3) years prior to the date of filing this Complaint through the date of conditional certification (hereinafter referred to as "FLSA Class").**

28. Defendant subjected Plaintiff and the FLSA Class Members to the same unlawful pay policies and procedures by failing to pay them overtime at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 during a workweek.

29. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiff is

representative of all SSPs and is acting on behalf of others' interests as well as her own in bringing this action.

30. These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

31. In addition to Plaintiff, numerous putative FLSA Class Members have been denied proper overtime compensation due to Defendants' company-wide refusal to pay an overtime premium for hours worked in excess of 40 per week.

32. Plaintiff and the SSPs were paid on an hourly basis.

33. Plaintiff and the SSPs were non-exempt employees.

34. Plaintiff and the SSPs frequently worked more than 40 hours per week.

35. Plaintiff and the SSPs were not paid an overtime premium for all hours worked in excess of 40 in each workweek. Instead, they were paid their regular hourly rate (or "straight time") for all hours worked.

36. Defendant was aware that Plaintiff and the SSPs regularly worked more than 40 hours per workweek but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

37. Defendant's violation of the FLSA was willful, as Defendant knew or demonstrated reckless disregard as to whether it was required to pay Plaintiff and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

38. Accordingly, Plaintiff and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiff and the SSPs have been damaged.

## COUNT II
### R.C. § 4113.15 – Failure to Tender Pay by Regular Payday

39. All of the preceding paragraphs are realleged as if fully rewritten herein.

40. Plaintiff asserts this claim under R.C. § 4113.15, which requires Defendant to compensate its employees within thirty (30) days of the performance of compensable work.

41. Defendant failed to make proper wage payments to Plaintiff for all hours worked.

42. By failing to make the wage payments within 30 days of when such payments were due, Defendants have violated R.C. § 4113.15.

43. As a result, in addition to the amount of wages owed to Plaintiff, Defendants are liable to Plaintiff for an amount equal to six percent of Plaintiff's unpaid wages claim or two hundred dollars per pay period, whichever is greater.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. Certification as a collective action of the FLSA Class as defined herein and appointment of Plaintiff and her counsel to represent the FLSA Class; enter an order directing Defendant to pay into a common fund for the benefit of Plaintiff and all other members of the FLSA Class the total amount of damages to which Plaintiff and the class are entitled, including unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for

Defendant to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA.

B. An award of an additional six percent of Plaintiff's unpaid wages, or two hundred dollars per pay period in which Defendants failed to properly compensate Plaintiff, whichever is greater, pursuant to R.C. 4113.15.

C. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Rhiannon M. Herbert (0098737)
(*Rhiannon@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-796-4325
Fax: 614-547-3614
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)