UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ASHLEY MCNEAL, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:23-cv-13 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| SERENE HOME HEALTH CARE SERVICES, LLC, | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER GRANTING JOINT MOTION TO STAY AND TOLL THE STATUTE OF LIMITATIONS FOR PUTATIVE CLASS MEMBERS (DOC. NO. 10) AND ORDERING THAT THE PARTIES FILE PERIODIC STATUS REPORTS AND FILE A NOTICE WHEN THE SIXTH CIRCUIT DECIDES THE *CLARK* APPEAL**

Pending before the Court is the Joint Motion to Stay and Toll the Statute of Limitations for Putative Class Members (Doc. No. 10) (the "Motion"), filed jointly by Plaintiff Ashley McNeal ("Plaintiff") and Serene Home Health Care Services, LLC ("Defendant"). On January 11, 2023, Plaintiff initiated this case as a collective action by filing a "Collective Action Complaint," "on behalf of herself and all others similarly situated … for damages against" Defendant, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Ohio Prompt Pay Act, Ohio Rev. Code § 4113. (Doc. No. 1.) Defendant filed its Answer on April 17, 2023. (Doc. No. 8.) In the Motion, the parties ask that the Court "stay the case and toll the statute of limitations pending the Sixth Circuit's decision in *Clark, et al. vs. A&L Home Care and Training Ctr., et al.*, Sixth Circuit No. 22-3101 and 22-3102." (Doc. No. 10 at PageID 53.)

The *Clark* case is currently before the Sixth Circuit Court of Appeals on an interlocutory

appeal, waiting decision following oral argument that took place on December 7, 2022. (*See Clark v. A&L Home Care and Training Ctr.*, No. 22-3101 (6th Cir. filed Feb. 4, 2022), at its Doc. No. 44.) The specific issue presented in that appeal is whether a two-step certification process must be followed for FLSA claims. (*See id.* at its Doc. No. 8.) Thus, as the parties note in the Motion, "*Clark* deals with the applicable legal standard for certification of collective actions under the FLSA." (Doc. No. 10 at PageID 53.) In the Motion, the parties jointly argue that staying this case "would be particularly prudent and would promote judicial economy as briefing on the current collective certification standard might be futile depending on how the Sixth Circuit rules." (*Id.* at PageID 54.)

A federal district court's power to stay cases on its docket is a long-standing procedural tenet. *Glardon v. Speedway, LLC*, No. 3:19-cv-247, 2020 U.S. Dist. LEXIS 4300, at *3 (S.D. Ohio Jan. 10, 2020) (staying case until the final disposition of two cases that were pending in the Supreme Court); *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). The United States Supreme Court in *Landis* explained that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants," and "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55; *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) ("[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket").

Based on the guidance in *Landis*, and following several other orders within this same district that have stayed cases pending the outcome of the interlocutory appeal in *Clark*, the Court

will stay this case and toll the statute of limitations on Plaintiff's claims, pending the Sixth Circuit's resolution of *Clark*. *See, e.g., Albert v. Honda Dev. & Mfg. of Am., LLC*, Nos. 2:22-cv-694, 2:22-cv-3828, 2:22-cv-4372, 2:22-cv-4277, 2023 U.S. Dist. LEXIS 15734, at *19 (S.D. Ohio Jan. 30, 2023) (granting request to stay the case pending the Sixth Circuit's resolution of *Clark*); *Gudger v. CareCore Health LLC*, No. 3:22-cv-239, 2023 U.S. Dist. LEXIS 17404 (S.D. Ohio Feb. 1, 2023) (granting motion to stay pending the outcome in *Clark*; declaring that equitable tolling shall apply to the statute of limitations governing the plaintiff's FLSA claims; and requiring the parties to inform the court when the Sixth Circuit reaches its decision in *Clark*). This Court echoes the statement in *Albert* that this Order "should *not* be read as endorsing a stay whenever a case before the Sixth Circuit involves legal issues that are potentially relevant to a separate action pending in a district court." *Albert*, 2023 U.S. Dist. LEXIS 15734, at *19 (emphasis in original).

For the reasons stated above, the Court **ORDERS** that:

1. the Joint Motion to Stay and Toll the Statute of Limitations for Putative Class Members (Doc. No. 10) is granted;
2. the proceedings in this case are stayed, and the statute of limitations governing the Plaintiff's claims is equitably tolled, until the Sixth Circuit has resolved the interlocutory appeal in *Clark, et al. vs. A&L Home Care and Training Ctr., et al.*, Sixth Circuit No. 22-3101 and 22-3102;
3. the parties must file a status report every 90 days regarding this case; and
4. one or more of the parties must file a notice with this Court informing it of the Sixth Circuit's decision in *Clark* within fourteen (14) days of the Sixth Circuit issuing that decision (and, upon doing so, the requirement that the parties file a status report

3

every 90 days regarding this case will automatically cease).

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, May 5, 2023.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE