**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| ASHLEY MCNEAL, *et al.*, | : | Case No. 3:23-cv-00013 |
| Plaintiffs, | : : | District Judge Thomas M. Rose |
| vs. | : : | Magistrate Judge Caroline H. Gentry |
| SERENE HOME HEALTH SERVICES, *et al.*, | : : : | |
| Defendants. | : : | |

## REPORT AND RECOMMENDATIONS

This matter is before the Court on Plaintiffs' Motion for Default Judgment against Defendants Serene Home Health Services, LLC and Clive Fomenky. ("Motion," Doc. No. 39.) For the reasons discussed below, the undersigned Magistrate Judge **RECOMMENDS** that the Court **GRANT** Plaintiffs' Motion, with some reductions to the amount of damages claimed.

## I.  BACKGROUND

On January 11, 2023, Plaintiff Ashley McNeal ("McNeal") initiated this case against Defendant Serene Home Health Services, LLC ("Serene") for failure to pay overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113. (Doc. No. 1.) Plaintiff brought the claims individually and "on behalf of those similarly situated." (*Id.* at PageID 1-2.) Plaintiff McNeal filed an Amended Collective Action Complaint on April 3, 2023 and

1

added claims under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). (Doc. No. 7.) Defendant Serene answered on April 17, 2023. (Doc. No. 8.)

On October 16, 2023, Counsel for Defendant Serene moved for leave to withdraw from this matter. (Doc. No. 18.) The Court granted that motion and stayed these proceedings for thirty days to afford Defendant Serene an opportunity to obtain new counsel. (Doc. No. 19.) That stay concluded and no attorney has entered an appearance on Defendant Serene's behalf.

Meanwhile, the Court granted Plaintiff McNeal leave to file a Second Amended Collection Active Complaint that named Clive Fomenky ("Fomenky"), Defendant Serene's owner, as an additional defendant. (Doc. Nos. 23, 24.) Plaintiff served Defendant Fomenky with a summons on February 6, 2024, but Defendant Fomenky did not answer or file a responsive pleading by the February 27, 2024 deadline. (*See* Doc. No. 28.) To date, Defendant Fomenky has not answered the Complaint or communicated with this Court regarding the case.

Plaintiff McNeal thereafter filed Applications for Entry of Default against Defendants Fomenky and Serene (Doc. Nos. 29, 32), and the Clerk of Court entered Entries of Default against both Defendants pursuant to Federal Rule of Civil Procedure 55(a). (Doc. Nos. 30, 33.) On July 12, 2024, the Court granted Plaintiff McNeal leave to file a Third Amended Complaint which added Kelly Slusher as a Named Plaintiff and removed Plaintiff McNeal's collective allegations under the FLSA. (Doc. Nos. 36 – 38.) Plaintiffs subsequently filed the instant Motion and moved for a default judgment against Defendants Serene and Fomenky pursuant to Federal Rule of Civil Procedure 55(b).

(Motion, Doc. No. 39.) Plaintiffs also seek damages, attorneys' fees, and costs. (*Id.* at PageID 291-92, 295-306.) Defendants have not filed a memorandum in opposition, and the time for doing so under Southern District of Ohio Civil Rule 7.2(a)(2) has passed.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 prescribes a two-step process for obtaining default judgment. If a defendant who has been served fails to "plead or otherwise defend" in a timely manner, then the plaintiff must ask the Clerk of Court to enter that party's default. Fed. R. Civ. P. 55(a); S.D. Ohio Civ. R. 55.1(a); *see also Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) ("entry of default is . . . the first procedural step on the road to obtaining a default judgment"). Then, after the Clerk has entered that party's default, the plaintiff must file a motion for default judgment. Fed. R. Civ. P. 55(b); S.D. Ohio Civ. R. 55.1(b).

To enter a default judgment against a party, a court must first ensure that it has both subject matter jurisdiction over the action and personal jurisdiction over that party. *Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case"); *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) (citation omitted) ("[p]ersonal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment").

Once a default has been entered, the factual allegations in the complaint—other than those relating to the amount of damages—are accepted as true. *Parallax Advanced*

*Research Corp. v. SPG Institute, Inc.*, No. 3:21-cv-133, 2021 U.S. Dist. LEXIS 154424, at *4 (S.D. Ohio Aug. 17, 2021) (Newman, D.J.) (citing Fed. R. Civ. P. 8(b)(6); *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013)); *see also Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). Still, the Court must be satisfied "that the facts in the Complaint state a claim for relief against the defendant." *Kuhlman v. McDonnell*, No. 1:20-cv-510, 2022 U.S. Dist. LEXIS 23846, at *5 (S.D. Ohio Feb. 10, 2022) (Cole, D.J.) (citing *Harrison v. Bailey*, No. 95-6263, 107 F.3d 870 (Table), 1997 U.S. App. LEXIS 2311, at *3 (6th Cir. Feb. 6, 1997) ("[d]efault judgments would not have been proper due to the failure to state a claim against these defendants")); *Parallax*, 2021 U.S. Dist. LEXIS 154424, at *4 (citations omitted) ("a default judgment fails as a matter of law if the plaintiff's complaint does not assert a plausible claim upon which relief can be granted").

Additionally, when plaintiffs seek to proceed on a class basis against a defaulting party, the class must be certified prior to moving for default judgment on behalf of the entire class. *Miller v. United Debt Settlement, LLC*, No. 2:22-cv-2210, 2024 U.S. Dist. LEXIS 129701, at *4 (S.D. Ohio July 23, 2024) (Morrison, D.J.) (citing *Aleobua v. United Wellness Cmty., LLC*, No. 14-cv-12932, 2014 U.S. Dist. LEXIS 159550, at *2-3 (E.D. Mich. Nov. 13, 2014) (collecting cases).

If the above threshold issues are met, the Court should consider the following factors to determine whether to enter a default judgment: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to

4

excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citation omitted).

## III.  ANALYSIS

In this case, Plaintiffs satisfy all of the requirements for a default judgment. The threshold requirements of subject matter and personal jurisdiction are met. Additionally, Plaintiffs have alleged plausible grounds for relief, and they have proven damages.

### A.  Jurisdiction

Because Plaintiffs have asserted claims under the FLSA, this Court has federal-question jurisdiction over the matter pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the OMFWSA and OPPA claims because they arise out of the "same case or controversy" as the FLSA claims. 28 U.S.C. § 1367.

The Court also can exercise personal jurisdiction over Defendants. In a case based upon federal-question jurisdiction, the Court will have personal jurisdiction over a defendant if he "'is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). Here, Defendants transacted business in Montgomery County, Ohio, where Defendants provided in-home direct care services to clients (*see* Doc. No. 38 at PageID 278, 280). Therefore, the Court can exercise personal jurisdiction over Defendants.

Finally, the period for potential opt-in plaintiffs to join the action has closed, and Plaintiffs are no longer seeking to certify a collective action. After the Court granted

Plaintiff McNeal's request to send notices to other employees for purposes of joining the action (Doc. No. 34), only one individual, Kelly Slusher, filed a consent form. (Doc. No. 35). Plaintiff then amended her Complaint to add Ms. Slusher as a named Plaintiff and to remove her collective allegations under the FLSA. (Doc. Nos. 36, 38.)

### B. Liability

Because default has been entered against Defendants (Doc. Nos. 30, 33), Plaintiffs' factual allegations in the Complaint are deemed admitted. *Parallax*, 2021 U.S. Dist. LEXIS 154424, at *4. The undersigned Magistrate Judge has reviewed the Complaint and is satisfied that it states a claim for relief against Defendants. *Kuhlman*, 2022 U.S. Dist. LEXIS 23846, at *5. As discussed above, Plaintiffs bring claims for unpaid overtime wages under the FLSA and Ohio law. (Third Amended Complaint, Doc. No. 38.) The FLSA requires employers to pay employees an established hourly minimum wage, as well as a rate of one-and-a-half times the regular wage for any hours above forty in a work week. 29 U.S.C. §§ 206(a), 207(a)(1). Because "Ohio law incorporates the FLSA's definitions, standards, and principles for its minimum wage and overtime compensation provisions," the undersigned will analyze these claims together. *Marshall v. IT Guyz Sols., LLC*, No. 1:22-cv-493, 2024 U.S. Dist. LEXIS 147960, at *4-5 (S.D. Ohio Aug. 19, 2024) (McFarland, D.J.).

Based upon their allegations, which are deemed to be admitted, Plaintiffs have established that Defendants violated the FLSA and Ohio law by failing to pay required overtime. (Third Amended Complaint, Doc. No. 38.) Defendants are "employers" as defined by the FLSA and Ohio law. (*Id.* at PageID 279; *see also* Motion, Doc. No. 294.)

Defendants employed Plaintiff McNeal between approximately June 10, 2022 and December 30, 2022, and Plaintiff Slusher between approximately March 1, 2023 and March 30, 2024. (*Id.* at PageID 280-81.) While they were employed by Defendants, Plaintiffs routinely worked more than forty hours in a week. (*Id.* at PageID 280-82.) Plaintiffs were not paid overtime compensation for those overtime hours worked. (*Id.* at PageID 280-83.) Accordingly, Plaintiffs have established that Defendants are liable for failing to pay overtime wages in violation of the FLSA and Ohio law.

###    C.    Default Judgment

Because the threshold requirements are met, the Court will now evaluate whether a default judgment is proper under the *Russell* factors. 34 F. App'x at 198.

####    i.    *Prejudice to Plaintiffs*

Although Defendant Serene initially retained counsel in this case, it failed to obtain substitute counsel as required by this Court's November 2023 Order, and has not participated in this matter for over a year. Defendant Fomenky has completely failed to appear or otherwise participate in this action, despite being properly served. Therefore, this is a case where "[t]o deny default judgment would render [Plaintiffs'] effort at a civil resolution futile, while rewarding [Defendants'] avoidance of this litigation." *Surge Staffing, LLC v. Eva Logistics, Inc.*, No. 2:23-cv-00873, 2023 U.S. Dist. LEXIS 194068, *7 (S.D. Ohio Oct. 30, 2023) (Marbley, Chief D.J.). Additionally, if Plaintiffs were to file another lawsuit after this Court denied the motion for a default judgment, "all indications are that it would return to the default judgment stage." (*Id.*) This factor therefore weighs in favor of a default judgment.

*ii.*      *Merits of the claims and sufficiency of the complaint*

The Third Amended Complaint is well-pleaded and sufficiently detailed. As discussed above, when the factual allegations are deemed to be true, the undersigned finds that the Complaint states sufficient and meritorious claims against Defendants for failure to pay overtime wages under the FLSA and Ohio law. Accordingly, the second and third factors support a default judgment.

*iii.*      *The amount of money at stake*

The fourth factor, too, weighs in favor of default judgment. The Sixth Circuit has stated that "matters involving large sums of money should not be determined by default judgments if it can be reasonably avoided." *Rooks v. American Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959). However, Plaintiffs claim a total of just $50,384.61 in damages in this case. (Motion, Doc. No. 39 at PageID 306.) This amount is "significant but not exorbitant" and "reflects the actual damages that Plaintiff[s] incurred." *C.A.T. Glob. Inc. v. OTT Transp. Servs.*, No. 2:24-cv-10320, 2024 U.S. Dist. LEXIS 108107, *10 (E.D. Mich. June 18, 2024). As discussed below, Plaintiffs provided detailed evidence in the form of signed declarations, timesheets, billing statements, and spreadsheets to support the damages claimed. Accordingly, the claimed amount is "documented and precise" and "align[s] with the principle that default judgment should be 'fully commensurate' with the harm suffered." *Id.* (citations omitted).

*iv.*      *Possible disputed material facts*

Defendant Serene answered the Amended Collective Action Complaint with blanket denials of the allegations. (Doc. No. 8.) However, Defendant Serene did not

answer the Third Amended Complaint and did not object to Plaintiffs' Motion for Default Judgment, despite ample opportunity to do so. And despite proper service, Defendant Fomenky failed to file an answer or otherwise plead in response to Plaintiffs' complaint within the time allowed under Federal Rule of Civil Procedure 12. Defendant Fomenky also did not object to a default judgment. Additionally, Plaintiffs submitted significant evidence that supports the factual allegations in the Third Amended Complaint. The fifth factor therefore weighs in favor of default.

> v. *Whether the default was due to excusable neglect*

The record contains no evidence that Defendants defaulted due to excusable neglect. Plaintiffs perfected service on both Defendants, and Defendant Serene actually appeared and participated with counsel for a period of time. Defendants have not objected to or moved to set aside the entries of default; nor have they objected to Plaintiffs' Motion for Default Judgment. Defendants' absence and failure to engage suggests a willful decision to ignore the lawsuit. This factor also favors default judgment.

> vi. *The preference for decisions on the merits*

Despite "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits . . . courts recognize that this policy preference must yield to the needs of litigants actually before them." *Cunningham v. Account Processing Grp. LLC*, No. 2:21-cv-0120, 2022 U.S. Dist. LEXIS 55709, at *11 (S.D. Ohio Mar. 28, 2022) (Marbley, D.J.). The preference for decisions on the merits "does not override the necessity of enforcing procedural rules and ensuring that plaintiffs can obtain relief when defendants fail to participate." *C.A.T. Glob. Inc.*, 2024 U.S. Dist. LEXIS 108107, at *11.

9

In this case, Defendants have "consistently ignored opportunities for a merits-based resolution by refusing to respond in this matter or by seeking new counsel willing and able to vigorously litigate this case." *See Toler v. Global Coll. of Natural Med., Inc.*, No. 13-10433, 2016 U.S. Dist. LEXIS 919, at *25 (E.D. Mich. Jan. 6, 2016).

In sum, because all these factors weigh in favor of a default judgment, and because a decision on the merits appears to be unrealistic in this case, the undersigned recommends that the Court grant Plaintiffs' Motion for Default Judgment.

### C.    Damages

Once a default has been entered, the Court may only accept the factual allegations relating to liability, and not the allegations relating to the amount of damages, as true. *Parallax*, 2021 U.S. Dist. LEXIS 154424, at *4. "The district court must … conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x. 351, 355 (6th Cir. 2009) (citation omitted). The Court may, but is not required to, conduct an evidentiary hearing to determine damages. *Marshall*, 2024 U.S. Dist. LEXIS 147960, at *8 (citing *Joe Hand Promotions Inc. v. RPM Mgmt. Co. LLC*, No. 2:11-CV-377, 2011 U.S. Dist. LEXIS 129260, at *3 (S.D. Ohio Nov. 7, 2011) (Graham, D.J.)); *see also Vesligaj*, 331 F. App'x. at 355. Indeed, "[a]n evidentiary hearing is not a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the court." *Joe Hand Promotions,* 2011 U.S. Dist. LEXIS 129260, at *3.

Here, Plaintiffs seek $5,954.00 in unpaid overtime wages for Plaintiff McNeal, $17,961.00 in lost wages for Plaintiff Slusher, $25,580.00 in attorneys' fees, and $889.61

in costs. (Motion, Doc. No. 39 at PageID 306.) For the reasons discussed below, the undersigned concludes that a hearing is unnecessary because Plaintiffs sufficiently supported their claim for damages, although the undersigned disagrees with some of Plaintiffs' calculations and claims.

> ### i. *Unpaid overtime wages & liquidated damages*

Plaintiffs provided evidence in the form of signed declarations and timesheets to establish the number of hours that they performed work for which they were improperly compensated. (Doc. No. 39-1 at PageID 308-93.) Plaintiffs also provided spreadsheets (arranged by workweek, listing the actual pay and hours worked, and calculating unpaid overtime pay) to calculate their damages. (Doc. No. 39-1 at PageID 337, 394-95.) The undersigned agrees with Plaintiffs' calculations of the unpaid overtime wages. Accordingly, the undersigned recommends that Plaintiffs be awarded unpaid wages in the amounts of $1,277.00 for Plaintiff McNeal and $4,780.50 for Plaintiff Slusher. (Doc. Nos. 39-1 at PageID 337; 39-2 at PageID 395.)

Plaintiffs also seek liquidated damages under the FLSA in amounts that equal the unpaid overtime wages. (Doc. Nos. 39-1 at PageID 337; 39-2 at PageID 395.) The FLSA provides for damages "in the amount of [the employees'] . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "Liquidated damages under the FLSA 'are compensation, not a penalty or punishment.'" *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002) (citations omitted). Courts may choose not to award liquidated damages if the employer shows that it acted in good faith and had reasonable grounds for believing its

conduct did not violate the FLSA. 29 U.S.C. § 260. However, the employer bears the burden of proof on the issue and the Sixth Circuit has recognized a "strong presumption under the statute in favor of doubling." *Elwell*, 276 F.3d at 840 (citations omitted). Here, Defendants offered no evidence that they acted in good faith or had reasonable grounds to believe that their conduct complied with the FLSA. Thus, the undersigned recommends that Plaintiffs be awarded liquidated damages in the amounts of $1,277.00 for Plaintiff McNeal and $4,780.50 for Plaintiff Slusher.

Plaintiffs also request liquidated damages under the OPPA. (Motion, Doc. No. 39 at PageID 296-97.) The OPPA, "among other requirements, requires employers in Ohio to pay their employees the preceding month's wages by the first day and fifteenth day of the month." *Stang v. Paycor, Inc.*, 582 F. Supp. 3d 563, 567 (S.D. Ohio 2022) (Barrett, D.J.). The OPPA provides:

> Where wages remain unpaid for thirty days beyond the regularly scheduled payday . . . the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.

Ohio Rev. Code § 4113.15(B).

Because the FLSA and OMFWSA "have the same overtime requirements … the outcomes will be the same and the claims can be evaluated together." *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 385 n.1 (6th Cir. 2016) (citation omitted). Further, the OPPA claim "rises and falls with [Plaintiffs'] FLSA and Ohio Overtime claims" (*id.*), although the OPPA "expressly applies only to wages that are not in dispute." *Lower v.*

*Elec. Data Sys. Corp.*, 494 F. Supp. 2d 770, 775 (S.D. Ohio 2007) (Rice, D.J.) (citing

Ohio Rev. Code § 4113.15(B)).

Here, Plaintiffs' unpaid wages are not in dispute. Defendants violated the OPPA in

that they did not pay Plaintiffs all of the overtime wages that were due within thirty days

of performing the work that entitled them to the overtime wages. Plaintiffs are therefore

entitled to liquidated damages under the OPPA. Ohio Rev. Code § 4113.15(B).

Turning to the amount of damages due under the OPPA, however, the undersigned

disagrees with Plaintiffs that Defendants owe $200.00 ***per pay period*** under the OPPA.

(*See* Motion, Doc. No. 39 at PageID 296-97.) The OPPA expressly states that successful

plaintiffs are entitled to "six per cent of the amount of the clam still unpaid . . . or two

hundred dollars, whichever is greater." Ohio Rev. Code § 4113.15(B). The plain

language of the statute makes no mention of an award based on the number of pay

periods at issue.

Plaintiffs cite to a case from this district to support their assertion, but the case is

distinguishable. (Motion, Doc. No. 39 at PageID 297 (citing *Parks v. Cent. USA Wireless,

LLC,* No. 1:17-cv-448, 2019 U.S. Dist. LEXIS 167502, at *15-16 (S.D. Ohio Sept. 29,

2019) (Barrett, D.J.).) Although the court in *Parks* awarded plaintiffs liquidated damages

under the OPPA in an amount of $200 for each pay period of violation, the defendants

only challenged the application of the OPPA, not the amount of liquidated damages that

the plaintiffs calculated. *Parks v. Cent. USA Wireless, LLC,* No. 1:17-cv-448, 2019 U.S.

Dist. LEXIS 167502, at *15-16 (S.D. Ohio Sept. 29, 2019) (Barrett, D.J.).

Courts in this district otherwise have not awarded $200 for each pay period of violation as the maximum amount of damages under the OPPA. *See, e.g., Harbold v. Smash Restro & Bar, LLC,* No. 5:22-CV-1583, 2023 WL 4085309, at *5 (N.D. Ohio June 20, 2023) (awarding $200.00 for defendants' violations under the OPPA); *Harrington v. Plehn-Dujowich*, No. 1:21-CV-00960-PAB, 2022 U.S. Dist. LEXIS 27459, at *18-19 (N.D. Ohio Feb. 15, 2022) (imposing six percent interest under the OPPA in the amount of $2,032.17, and not a greater "$200 per pay period" amount which would have been $2,400, when plaintiff worked for six months or approximately twelve pay periods); *Barnes v. Abraham, Inc.*, No. 2:17-cv-279, 2017 U.S. Dist. LEXIS 195283, at *11-12 (S.D. Ohio Nov. 28, 2017) (Sargus, Chief D.J.) (imposing damages of $1,061.46 that represented six percent interest under the OPPA, instead of a higher "200 per pay period" amount which would have been $7,500.00, when plaintiff worked for 75 weeks—or approximately 38 pay periods—over a period of two years).

Accordingly, the undersigned finds that Plaintiff Slusher is entitled to liquidated damages under the OPPA in the amount of six percent of the $4,780.50 in unpaid overtime wages, for a total of $286.83. As for Plaintiff McNeal, six percent of the $1,277.00 in unpaid overtime wages totals just $73.62. Plaintiff McNeal therefore is entitled to the higher amount of $200.00 under the OPPA.

In sum, the undersigned calculates Plaintiffs' damages as outlined below:

| Plaintiff | Unpaid Overtime | FLSA Liquidated Damages | OPPA Liquidated Damages | Total Damages |
|---|---|---|---|---|
| McNeal | $1,277.00 | $1,277.00 | $200.00 | $2,754.00 |
| Slusher | $4,780.50 | $4,780.50 | $286.83 | $9,847.83 |

ii.     *Prejudgment and post-judgment interest*

Plaintiffs also request prejudgment and post-judgment interest. (Motion, Doc. No.

39 at PageID 300-01, 306.). The general rule in the Sixth Circuit is that "in the absence of

a statutory provision to the contrary, the award of prejudgment interest is a matter

addressed to the discretion of the [trial] court." *EEOC v. Wooster Brush Co. Employees*

*Relief Ass'n*, 727 F.2d 566, 579 (6th Cir. 1984). As an initial matter, Plaintiffs cite to a

case from this district to support the assertion that "[s]tate law governs the award of

prejudgment interest." (*Id.* at PageID 300 (citing *Reynolds & Reynolds Co. v. Westlie*

*Motors, Inc.*, No. 1:21-cv-223, 2023 U.S. Dist. LEXIS 21007, at *9 (S.D. Ohio Feb. 7,

2023) (Black, D.J.).) However, the court in *Reynolds* stated that state law governs awards

of prejudgment interest ***in diversity cases***. 2023 U.S. Dist. LEXIS 21007, at *9 (citing

*Est. of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir.

2005)). Nevertheless, although federal law governs the prejudgment interest award when

a district court exercises federal-question jurisdiction, when the district court exercises

supplemental jurisdiction over state law claims, as it does in this case, "the award of

prejudgment interest rests on state law." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*,

491 F.3d 320, 333 (6th Cir. 2007).

"[T]he Supreme Court has held that a plaintiff cannot recover both liquidated

damages and prejudgment interest under the Fair Labor Standards Act." *Elwell*, 276 F.3d

at 841 (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 715-716 (1945), *McClanahan*

*v. Mathews*, 440 F.2d 320, 325 (6th Cir. 1971); *Lilley v. BTM Corp.*, 958 F.2d 746, 755

(6th Cir. 1992), *cert denied*, 506 U.S. 940 (1992)). This is because "liquidated damages

15

awarded under the FLSA for unpaid overtime [are] designed to compensate employees for delay in payment," and so "such damages are the functional equivalent of prejudgment interest on the overtime pay." *Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011); *see also Brooklyn Sav. Bank*, 324 U.S. at 715 ("To allow an employee to recover the basic statutory wage and liquidated damages, with interest, would have the effect of giving an employee double compensation for damages arising from delay in the payment of the basic minimum wages."). However, because this Court is exercising supplemental jurisdiction over Plaintiffs' OMFWSA and OPPA claims, the award of prejudgment interest rests on state law. *Gentek*, 491 F.3d at 333; *see also Mills v. River Terminal Ry. Co.*, 276 F.3d 222, 228 (6th Cir. 2002) (citation omitted).

Ohio law does not support an award of prejudgment interest in this case. The OPPA provides for the liquidated damages discussed above (six percent of the amount of the unpaid claim or $200, whichever is greater) but does not provide for prejudgment interest. Ohio Rev. Code § 4113.15. Likewise, the OMFWSA does not provide for prejudgment interest. Ohio Rev. Code § 4111.10 (an employer is liable for "the full amount of the overtime wage rate, less any amount actually paid to the employee by the employer, and for costs and reasonable attorney's fees as may be allowed by the court").

Unable to point to any statutory authority, Plaintiffs rely on an Ohio Supreme Court decision that is distinguishable. (Motion, Doc. No. 39 at PageID 300 (citing *Royal Elec. Constr. Corp. v. Ohio State Univ.*, 73 Ohio St. 3d 110, 117, 652 N.E.2d 687 (1995).) The *Royal Electric* court acknowledged that Ohio courts "have long recognized a common-law right to prejudgment interest" and found that the trial court properly

16

awarded prejudgment interest to the plaintiff. 73 Ohio St. 3d at 114-18, 652 N.E.2d 687 (citing *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St. 3d 638, 657, 635 N.E.2d 331 (1994).) But unlike this case, neither *Royal Electric* nor *Moskovitz* involved labor law claims authorized by the Ohio Revised Code, in which the statutes expressly describe the available relief and omit any reference to prejudgment interest. Indeed, *Royal Electric* relied upon Ohio Revised Code provisions that authorize prejudgment interest awards in contract and tort actions, but are wholly inapplicable in this labor law action. 73 Ohio St. 3d at 115, 652 N.E.2d 687 (citing O.R.C. §§ 1343.01-03, 2743.18(A)).

Further, *Royal Electric* recognized that prejudgment interest is meant to "ac[t] as compensation and serves ultimately to make the aggrieved party whole," and "does not punish the party responsible for the underlying damages." 73 Ohio St. 3d at 117, 652 N.E.2d 687, 692 (1995) (citations omitted). In the labor law context, by contrast, courts can award liquidated damages for unpaid overtime as a means of compensating employees for the delay in payment. *Santillan*, 822 F. Supp. 2d at 298. These liquidated damages are functionally equivalent to prejudgment interest.

In sum, Plaintiffs have not cited governing or persuasive authority in support of their claim for prejudgment interest under Ohio law. Therefore, the undersigned recommends that Plaintiffs' request for prejudgment interest be denied.

Plaintiffs' request for post-judgment interest should, however, be granted. Post-judgment interest is intended to "compensate the prevailing plaintiff for the time-value of money lost between the occurrence of damages and the defendant's payment at a later date." *CAPSA Sols., LLC v. Concord Healthcare Grp., LLC*, No. 2:18-cv-594, 2019 U.S.

17

Dist. LEXIS 172714, at *7 (S.D. Ohio Oct. 4, 2019) (Vascura, M.J.) (citing *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990)). Section 1961(a) of Title 28 of the United States Code "requires that post-judgment interest be awarded on any money judgment in a civil case before a district court." *O'Sullivan Corp. v. Duro-Last, Inc.*, 7 F. App'x 509, 519 (6th Cir. 2001). This court "has no discretion to deny post[-]judgment interest, as it is mandatory." *CAPSA*, 2019 U.S. Dist. LEXIS 172714, at *7 (*citing Caffey v. UNUM Life Ins. Co.*, 302 F .3d 576, 586 (6th Cir. 2002)). Accordingly, the undersigned recommends that the Court order Defendants to pay post-judgment interest at the applicable statutory rate mandated by 28 U.S.C. § 1961 from the date that default judgment is entered until the judgment is satisfied.

　　　　　iii.　*Attorneys' fees*

　　　Turning to Plaintiffs' claim for attorneys' fees, the FLSA allows the Court to award reasonable attorney's fees to a prevailing plaintiff. 29 U.S.C. § 216(b). To determine that amount, the Court typically uses a lodestar approach based upon each timekeeper's reasonable number of hours billed, multiplied by a reasonable billing rate.

　　　Plaintiffs seek $25,580.00 in attorneys' fees. (Motion, Doc. Nos. 39 at PageID 301-06; 39-3 at PageID 396-405; 39-4 at PageID 406-09.) Attorney Rhiannon Herbert claims 51.1 hours at a rate of $350.00 per hour (Doc. No. 39-3 at PageID 397-404), and attorney Greg Mansell claims 16.2 hours at a rate of $475.00 per hour. (Doc. No. 39-4 at PageID 406-09.)

　　　The undersigned concludes that the cumulative time of 67.3 hours worked by both attorneys is reasonable. Plaintiffs' Motion is supported by detailed, itemized billing

statements. (Doc. Nos. 39-3 at PageID 400-04; 39-4 at PageID 409.) Plaintiffs also

support the hours claimed with declarations from both attorneys that they exercised

billing judgment, eliminated unnecessary or excessive hours, and eliminated purely

administrative tasks in their billing statements. (Doc. Nos. 39-3 at PageID 396-98; 39-4 at

PageID 406-07.) The undersigned has reviewed the billing statements and finds no

evidence of duplicative, unnecessary, or overly prolonged work. The undersigned also

finds that this documentation provides "sufficient detail and probative value to enable the

court to determine with a high degree of certainty that such hours were actually and

reasonably expended in the prosecution of the litigation." *Richard v. Caliber Home

Loans, Inc.*, 832 F. App'x 940, 947 (6th Cir. 2020) (quotation marks and citations

omitted).

The undersigned further concludes that the requested hourly rates are reasonable.

In their declarations, both attorneys state that their hourly rates are within the fair and

reasonable market value for services rendered in wage-and-hour litigation by attorneys

with comparable qualifications in this market. (Doc. Nos. 39-3 at PageID 396-98; 39-4 at

PageID 406-08.) Plaintiffs also support the rates with citations to several decisions within

this district that have approved similar—or higher—rates for attorneys with similar

experience. (Motion, Doc. No. 39 at PageID 302-03.) Further, Plaintiffs cite to Chief

Judge Carl Rubin's 1983 committee determination of reasonable attorney fee rates for the

Southern District of Ohio and apply a 4% cost-of-living allowance, which results in a

higher rate than claimed by counsel. (*Id.* at PageID 304.) Because the hourly rates for

attorneys Herbert and Mansell are within these benchmarks, the undersigned finds that the hourly rates are reasonable.

Next, multiplying the hours claimed by the hourly rates, the lodestar figure for attorney Herbert is $17,885.00 (51.1 hours multiplied by $350.00 per hour), and the lodestar figure for attorney Mansell is $7,695.00 (16.2 hours multiplied by $475.00 per hour). The Supreme Court has "established a 'strong presumption'" that the lodestar represents the 'reasonable' fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (citation omitted). Under Sixth Circuit precedent, "modifications [to the lodestar] are proper only in certain rare and exceptional cases," and when "supported by both specific evidence on the record and detailed findings . . . ." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (citations and quotation marks omitted). The undersigned is also mindful that the Sixth Circuit has "upheld substantial awards of attorney's fees [in FLSA cases] even though a plaintiff recovered only nominal damages[]" because "[t]he purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (citations omitted). Finding no reason to modify the lodestar fee, the undersigned recommends that the Court award attorneys' fees in the requested amount of $25,580.00.

    *iv. Costs*

Plaintiffs' claim for $889.61 in out-of-pocket costs is likewise reasonable. (*See* Motion, Doc. No. 39 at PageID 305.) The FLSA and Ohio law allow for recovery of costs (29 U.S.C. § 216(b); R.C. § 4111.10(A)), and Plaintiffs' counsel provided an

itemized list of costs incurred during this litigation. (Doc. No. 39-3 at PageID 405.) Such costs are reasonable in light of the work performed in this case.

## V. CONCLUSION

For these reasons, the undersigned Magistrate Judge **RECOMMENDS** that:

1. The Court **GRANT** Plaintiffs' Motion for Default Judgment (Doc. No. 39);

2. The Court **ENTER** a default judgment in favor of Plaintiffs against Defendants in the amount of $39,071.44 ($2,754.00 in damages to Plaintiff McNeal, $9,847.83 in damages to Plaintiff Slusher, $25,580.00 in attorneys' fees, and $889.61 in costs), plus post-judgment interest at the statutory rate identified in 28 U.S.C. § 1961 until the judgment is satisfied; and

3. The case be **TERMINATED** from the Court's docket.


**IT IS SO RECOMMENDED.**

        *s/ Caroline H. Gentry*
        Caroline H. Gentry
        United States Magistrate Judge


Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be

accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).